**SECURITY INSURANCE CO. v. COOK.
RELIANCE INSURANCE CO. v. SAME.**

No. 12421— Opinion Filed June 10, 1924.

1. **Insurance—Fire Policy—Breach of Occupancy Clause—Waiver.**

In a fire insurance policy a provision for forfeiture based upon a breach of the occupancy clause is a condition subsequent, and for the benefit of the assurer, and may be waived by the latter.

2. **Same—Effect of Breach—Right to Cancel.**

A breach of the provision does not render the policy void, but creates merely an option in favor of the company to cancel the policy.

3. **Same—Notice of Cancellation—Necessity.**

If the assurer elects to cancel the policy for the breach, it must notify the insured, accordingly, in clear and unequivocal terms prior to the loss.

4. **Same—Waiver by Failure to Cancel.**

If the company has notice of the breach of the provision and fails to cancel the policy and notify the insured, it will be held to have waived the condition.

5. **Verdict Sustained.**

Record examined; held, the issues were fairly submitted to the jury, and that there is sufficient competent testimony to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Ottawa County; C. S. Wortman, Judge.

Actions by S. A. Cook against the Security Insurance Company and the Reliance Insurance Company for debt on fire insurance policies. Judgment for plaintiff. Causes consolidated. Defendants bring error. Affirmed.

Frank Nesbitt, for plaintiffs in error.

Smith & McGhee, for defendant in error.

Opinion by STEPHENSON, C. The defendant issued its fire insurance policy to the plaintiff on a store building owned by the latter, for the sum of $400. A like policy for the same sum of money was issued to the plaintiff by the Reliance Insurance Company. Both policies contained an occupancy clause, which provided that if the building was vacant for more than ten days prior to a fire loss, it should operate to render the policy null and void. The building was of the value of about $2,200 and was totally destroyed by fire. Both companies refused to pay the loss and the plaintiff commenced separate actions against the companies for recovery. It was stipulated between the parties in the case against the Reliance Insurance Company that the verdict returned in the action between plaintiff and Security Insurance Company should follow in the former. In the trial of the cause judgment went for the plaintiff and against the defendant, and on the stipulation like judgment went for the plaintiff and against the Reliance Insurance Company. The causes were consolidated and the defendants have appealed from the judgments to this court, and mainly rely on the claim that the evidence is insufficient to support the verdict. There is evidence to the effect that the merchandise stock had been removed from the building and that it contained only the general store fixtures at the time the policies were issued. There is further testimony to the effect that the insured notified the companies of the condition of the premises. The payment of the premium required by the company, at the time the policy was delivered, completed the contract of insurance between the parties. The occupancy clause was a condition subsequent and its breach did not operate to render the policy null and void. Its breach and knowledge thereof to the company merely created the right in favor of the company to cancel the policy, if it elected to do so, but if the company elected to exercise its option in this respect it was necessary to give the insured notice accordingly in clear and unequivocal terms prior to the loss, in order to make the forfeiture effective. After notice of the breach of a condition subsequent comes to the company, it will not be permitted to lull the insured into a sense of security by apparent acquiescence, and after notice of the loss comes to it, effect a forfeiture of the policy for the breach. Bankers Reserve Life Co. v. Rice, 99 Okla. 184, 226 Pac. 324; Gish v. Ins. Co. of North America, 16 Okla. 60, 87 Pac. 869; Conley v. N. W. F. & M. Ins. Co., 34 Okla. 749, 127 Pac. 424; Liverpool and London and Globe Ins. Co. v. Cargill, 44 Okla. 739, 145 Pac. 1134; Natl. Life Ins. Co. of U. S. v. Clayton, 70 Okla. 116, 173 Pac. 356. The provision against

vacancy may be waived by the company and such waiver may be inferred through knowledge to the agent. Short v. Home Ins. Co., 90 N. Y. 16, 43 Am. Rep. 138. There is sufficient competent testimony to support the verdict of the jury. Cavanaugh v Johannessen, 57 Okla. 149, 156 Pac. 289.

We have carefully examined the record, and find that the issues of fact were fairly submitted to the jury.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.