**SECURITY INSURANCE COMPANY OF NEW HAVEN, a corporation, Plaintiff in Error,**

v.

**Calvin B. GREER and Doris E. Greer, Defendants in Error.**

**No. 41471.**

Supreme Court of Oklahoma.

Jan. 23, 1968.

As Corrected Feb. 8, 1968.

Tom Finney, Neal Merriott, Idabel, for plaintiff in error.

Ed Shipp, Idabel, for defendants in error.

McINERNEY, Justice.

Before us is an insurer's appeal from a judgment on the jury verdict allowing the insured to recover $2,258.00 for a fire loss. Included in this amount are multiple items of destroyed property which were not in controversy. Their value ($790) was tendered in the amended answer and at the close of the evidence. In contest was insurer's liability for the total loss of a barn (insured as an "appurtenant" structure for $800.00) and of baled hay stored in it. The undisputed value of the hay was $1,440.00. Insurer alleged, and argues here, that its policy expressly excepts from the risk "any structure used in whole or in part for * * farming purposes * * *" and limits liability for unscheduled personal property to that which is "usual and incidental to the occupancy of the premises as a dwelling * * *" or, if "the dwelling is associated with and in proximity to farming operations", then agricultural products are within the coverage only if they are produced on the land, are "incidental to the occupancy of the dwelling and are principally for home consumption * * *".

The insured alleged and proved by competent evidence that at the time the fire policy was sold and the premium accepted insurer's local policy writing agent was advised that the barn was then full of hay and that it was being used for storage of hay produced on the premises (120 acres) to

feed 50 head of insured's own cattle. The agent denied knowing that the insured "was engaged in farming operations". He conceded he knew that the policy described premises comprising some 120 acres of land; that there was a barn on it; and that he told the insured the barn would be covered "if his principal occupation wasn't agricultural." He didn't recall telling the insured, or didn't tell him, that "if the property was in the barn, and was raised on the premises and used for consumption on the premises, it would be covered."

The trial court instructed the jury that if they found that the local agent accepted the premium and issued the policy knowing the barn was being used for storage of hay, insurer was estopped from denying liability for the disputed items of loss. Insurer took no exceptions to this instruction.

■ As we view the record, the evidence, though in conflict, is amply sufficient to support the jury's finding, implicit in their verdict, that when insurer's agent delivered the policy and accepted the premium he knew the barn was being used for storage of hay produced on the premises to feed insured's cattle. The knowledge he so acquired and acted upon was imputable to and binding upon the insurer inasmuch as there is here no intimation of any fraud or collusion between the agent and the insured. Lumbermens Mut. Cas. Co. v. Iowa Home Mut. Cas. Co., Okl., 405 P.2d 160, 163. A stipulation limiting insurer's liability may be impliedly waived, and if the insurance company has notice of its breach and fails to cancel the policy, it will be deemed to have waived the stipulation. United States Fire Ins. Co. of City of New York v. L. C. Adam Mercantile Co. et al., 117 Okl. 73, 245 P. 885; Kerr et al. v. Aetna Casualty & Surety Co., 124 Okl. 112, 254 P. 105; Security Ins. Co. v. Cook, 99 Okl. 275, 227 P. 402; Globe & Rutgers Fire Ins. Co. v. Roysden, 208 Okl. 660, 258 P.2d 644.

■■ An insurer may by his action or conduct be estopped from denying that his policy affords coverage for a risk which the insured has been led honestly to believe

was assumed under the terms of the policy. Where the equities are in favor of the insured, slight evidence will sustain a waiver against an insurance company. Old Surety Life Insurance Company v. Miller, Okl., 333 P.2d 504.

Some jurisdictions hold that the doctrine of waiver and estoppel, while available to preclude the insurer from avoiding liability for risk which may be defeated by breach of conditions set forth in the policy, cannot be invoked to broaden the scope of coverage of a policy so as to bring within its protection risks which are not included or are expressly excluded. See, annotations in 113 A.L.R. 854 and 1 A.L.R.3d 1139, 1144. The theory underlying this rule appears to be that neither estoppel nor waiver can operate to create a new contract. There are cases supporting the view that an insurer may waive or be estopped from asserting particular policy provisions even though the effect may be to bring within the coverage of the policy risks not covered by its terms, or expressly excluded therefrom. 1 A.L.R.3d 1150. This court has not had occasion expressly to adopt or reject any limitations on the availability of waiver and estoppel in actions against insurers. Assuming without deciding that a restrictive rule should be followed, we fail to see how it could be applied in favor of the insurer here.

The difference between accepted and excepted risk is aptly pointed out in Keistler Co. v. Aetna Ins. Co., 124 S.C. 32, 117 S.E. 70, 73, where it is stated:

"The distinction between an accepted risk to be defeated by conditions set forth in the policy and an excepted risk is clear, and it is logical to hold that it takes a new contract to cover an excepted risk. By way of illustration: A. has a plantation on which there are 10 buildings. All are covered by a policy of insurance, but the policy provides that, in case A. shall store certain inflammable materials in any of the houses, then the insurance on that building shall instantly cease. That is an assumed risk, which will be void upon a condition subsequent. B. has a plantation upon which there are 10 buildings; 9 of them are covered by a policy of insurance. Building No. 10 is excluded from the policy. It is entirely logical to hold that it takes a new contract to include insurance on B.'s No. 10, but not on A.'s No. 10. I do not see the application of excluded insurance to this case. The appellant unquestionably accepted insurance on the property destroyed in this case. The insurance was to cease upon the condition subsequent, to wit, the falling of the house in which the property was stored. The avoidance of the policy on account of the happening of a condition subsequent may be waived, and it does not require a new contract."

██ Insurer did insure the barn against loss by fire. The barn was not in the class of "excepted risk" but in the category of "accepted risk" which could be defeated by showing that it was used "in whole or in part for * * * farming purposes." Therefore, no new contract was required to bring the barn within the coverage of protection. The same reasoning may be applied to the burned hay because unscheduled personal property was within the coverage, subject to be defeated by breach of the conditions set forth in the policy. This, hence, is a case involving accepted or covered risk with a condition subsequent which is subject to waiver, as distinguished from an excepted risk.

The judgment is free from errors of law.

Affirmed.

All the Justices concur.