**UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff-Appellee,**

v.

**ROYAL–GLOBE INSURANCE COMPANY,**
**Defendant-Appellant.**

**No. 74–1300.**

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 13, 1974.

Decided March 7, 1975.

---

1. Black's Law Dictionary—(4th ed. 1951) defines "extreme" to mean ". . . greatest, highest, strongest, or the like."

Ralph W. Newcombe, Newcombe & Redman, Lawton, Okl., for plaintiff-appellee.

Burton J. Johnson, Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., for defendant-appellant.

Before MURRAH, HOLLOWAY and DOYLE, Circuit Judges.

MURRAH, Circuit Judge.

Louis Friloux, a minor, is the defendant in a lawsuit in Texas state court arising from an accident in which he was involved as the driver of a car rented from Comanche Enterprises, Inc., of Hertz Corporation ("Hertz"). In the diversity case before us, Friloux's insurance company, United Services Automobile Association of Texas ("USAA"), sues Hertz's insurance company, Royal-Globe Insurance Company of New York ("Royal"), for a judgment declaring that Royal's policy covers Friloux's liability and that Royal, rather than USAA, must therefore defend and indemnify him in the Texas lawsuit, notwithstanding an exclusion-of-minors clause in the Hertz car rental contract. Upon its finding that Royal was estopped from relying on this clause because its agent Hertz had notice that Friloux was a minor and would drive the car, the trial court granted the declaratory judgment, from which Royal appeals. We affirm.

The parties agree that USAA's policy is applicable if Royal's policy is not. And it is admitted that Friloux's youth group director, West, arranged and signed for the rental of two cars for a

trip from Lawton, Oklahoma, to a sports tournament in San Antonio, Texas; that he had rented Hertz cars for his youth group previously; that the Hertz rental contract which West signed provided Royal coverage only for "authorized" drivers—i. e., "persons of full age (21 years) who are members of the immediate family of customer"—further stating "no right of lessor under this agreement may be waived or modified except by written instrument signed by the President or a Vice President of lessor or of Hertz System, Inc."; and that Friloux, age 16, was the driver of the rented car involved in the accident.

There was sharp dispute as to the circumstances surrounding the delivery of the car to West by the lessor, Mrs. Jennings. Jennings testified that she told West of the minority exclusion when he first telephoned to order the cars several weeks in advance; that, when West came to pick up the cars accompanied by Friloux and Bly, she asked him if they were "qualified drivers," meaning by mutual understanding, "drivers over twenty-one," to which West answered "yes"; and that the keys to both cars were delivered to West. West's testimony was that the minority exclusion was never brought to his attention by anyone; that Jennings examined the driver's licenses of Friloux and Bly; and that Jennings gave Friloux keys to one car and gave Bly possession of the other car with keys in it. Bly, age 17 at the time of the rental, verified that he received possession of one car in this manner and that Friloux was given keys to the other car "at the counter," though Bly was unsure whether by Jennings or by West. Friloux testified that the keys passed directly from Jennings to West to him at the counter in the presence of Jennings and that Jennings or her husband had asked only whether he and Bly were "licensed drivers."

■ At the outset on this appeal, Royal challenges USAA's standing to bring

this action. Apparently, this contention was not made at the trial court, and the trial court's findings of fact state as an admitted fact that "this court has jurisdiction of this proceeding." Pointing out that USAA is not a direct beneficiary of the rental contract, Royal invokes the settled and familiar rule that an action by a third party to enforce a contract may be brought only when the third party is a direct beneficiary of the contract. See Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880 (1935); Traders & General Insurance Co. v. Sand Springs Home, 195 Okl. 509, 158 P.2d 1018 (1944); Neal v. Neal, 250 F.2d 885 (10th Cir. 1957). We do not think this rule applicable here, simply because this action is not one to enforce a contract but rather seeks a declaration of the relative rights and duties of USAA and Royal. The subject matter of the suit—the duty to defend and indemnify Friloux in the pending Texas lawsuit—is definite and substantial. Each party has a stake in the outcome, and their interests are adverse. We conclude that USAA has standing to bring this declaratory suit. See, e. g., Lumbermens Mutual Casualty Co. v. Iowa Home Mutual Casualty Co., 405 P.2d 160 (Okl.1965). And see generally, Hart & Wechsler, The Federal Courts and the Federal System, 120–133, 150–183 (1973).

■ Next, Royal points out that restrictive covenants, such as this exclusion-of-minors clause, are valid in Oklahoma under case law and statute.[1] See 47 O.S. § 8–101(f); Carlton v. State Farm Mutual Automobile Insurance Co., 309 P.2d 286 (Okl.1957). The effect of the cited authorities is that such a restriction is valid absent an "implied or tacit consent." Id., at 288. In Security Insurance Co. of New Haven v. Greer, 437 P.2d 243 (Okl.1968), the court held that an insurance company was estopped from relying upon a clause excluding non-personal property from coverage by the fact that the company's agent was

---

1. Royal does not rely upon the rental contract provisions forbidding waiver unless in writing. Moreover, such reliance is foreclosed by

the case law. See 3 Corbin § 763 and cases cited therein (1960; 1971 Supplement).

advised by the insured that one of the items to be covered was non-personal. Sustaining coverage under the policy, the court said, "An insurer may by his action or conduct be estopped from denying that his policy affords coverage for a risk which the insured has been led honestly to believe was assumed under the terms of the policy." Id., at 245–246.

 Security Insurance was an action by the insured; and Royal contends that, even though USAA has standing to adjudicate coverage, only the insured can assert a theory of waiver by estoppel against Royal. It cites Day v. Hartford Accident & Indemnity Co., 223 F.Supp. 953 (N.D.Okl.1963), where a third party holding a judgment against the insured was not allowed to advance a waiver by estoppel theory against the insurer. We think that case distinguishable from ours because, unlike our own case, the insured there did not claim coverage by estoppel. The Oklahoma courts have permitted an insurance company to sue another on a theory of waiver by constructive notice similar to the one advanced here. See Lumbermens Mutual Casualty Co. v. Iowa Home Mutual Casualty Co., supra.

Royal contends that the evidence does not establish the necessary elements of estoppel. These elements are well settled and have been followed by this court. Estoppel arises where one party, by its words or actions, misrepresents a fact, and the other party reasonably relies upon such representations to its detriment. See Allied Steel Construction Co. v. Employers Casualty Co., 422 F.2d 1369, 1371 (10th Cir. 1970). As we have seen, testimony by West, Friloux, and Bly indicates that Jennings knew the two minors would be driving the cars and facilitated their driving by the way she delivered possession of the cars and the keys. Under these circumstances, we think the court was justified in finding an implicit representation by Jennings that Friloux and Bly, both minors, were authorized drivers under the terms of the contract and would be covered by the Royal insurance. West, who signed the contracts, testified that he re-

lied upon this implicit representation; "Had I known that this agreement stated 'Under 21,' I never would have put those kids in that position." Royal argues that all the evidence supporting estoppel is merely testimony by interested persons. However, the sole refutation of this evidence is also testimony by interested persons, Mr. and Mrs. Jennings. But even so, that was a matter for the trier of the fact. The trial court's resolution of the crucial factual issue is not clearly erroneous, and the judgment is affirmed.