The WESTERN INSURANCE COMPA-
NY, Plaintiff-Appellee,

v.

CIMARRON PIPE LINE CONSTRUC-
TION, INC. a/k/a Cimarron Pipe Line
Construction Company, Defendant-Ap-
pellant,

and

Phillips Petroleum Company,
Defendant.

No. 84–1287.

United States Court of Appeals,
Tenth Circuit.

Nov. 21, 1984.

Charles D. Watson, Jr. of Watson & Watson, Drumright, Okl., for Cimarron Pipe Line Const., Inc., defendant-appellant.

John H. Tucker and J.A. McCullough of Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Okl., for The Western Ins. Co., plaintiff-appellee.

Before BARRETT, DOYLE and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Western Insurance Company brought suit in the United States District Court for the Northern District of Oklahoma against Cimarron Pipeline Construction, Inc., and sought a declaratory judgment that the insurance policy which it had issued Cimarron on February 1, 1978, did *not* cover "completed operations," defined by the form contract as coverage for physical injury and property damage resulting from completed work done by the insured. Jurisdiction is based on diversity. 28 U.S.C. § 1332.

Cimarron's basic position is that although the insurance policy issued it by Western on February 1, 1978, did *not* cover "completed operations," and, in fact, specifically excluded such coverage, nonetheless

it was the intent of the parties, i.e., Clovis Dall Hester and William E. Cohoon, president and vice-president, respectively, of Cimarron, and Melvin Cook, a general insurance agent representing Western, that such coverage be provided in the policy issued on February 1, 1978. By counterclaim, Cimarron sought reformation of the insurance policy as issued so as to conform to the true intent of the parties. Discovery ensued. Both Western and Cimarron moved for summary judgment. The district court denied Cimarron's motion and granted Western's. Cimarron appeals. We affirm.

Brief recital of the undisputed facts will put this controversy in focus. Cimarron is engaged in the business of laying pipelines, and laid pipe for Phillips Petroleum Company under a contract entered into in 1974, the work which is the genesis of the present dispute having been completed in 1976. In October, 1978, the pipeline installed by Cimarron for Phillips ruptured causing the death of two persons and property damage. Phillips settled all claims arising out of the rupture, and on October 22, 1980, brought suit against Cimarron in the district court for Okmulgee County, Oklahoma, seeking, *inter alia*, reimbursement for the monies it, Phillips, had paid in settling claims against it. Phillips claimed that Cimarron had negligently installed the pipe which had ruptured. Cimarron then called on its insurance company, Western, to defend the state action against it. Western refused, and brought the present action wherein it sought a declaratory judgment that it had no duty to defend since the risk involved was not within the terms of the insurance policy it had issued Cimarron.

Cimarron had for years placed its insurance with Western through a general agent, one Melvin Cook, residing in Drumright, Oklahoma. On February 1, 1978, Western issued a policy of insurance to Cimarron, which was in a sense a renewal policy, the policy being for three years and expiring on February 1, 1981. It is agreed that the policy as issued on February 1, 1978, did not include a "completed operations" endorsement, nor had any of the policies previously issued. In fact, neither Hester nor Cohoon, the president and vice-president of Cimarron, as of February 1, 1978, had ever heard of "completed operations" coverage. However, from the deposition of Cohoon, the vice-president of Cimarron, we learn that sometime during the latter part of February, 1978, he attended a contractor's convention in Scottsdale, Arizona, and for the first time learned of "completed operations" coverage, and determined that on his return to Oklahoma he would find out whether Cimarron had such coverage. On his return, Cohoon did contact Cook about the matter, and Cook stated that he thought such coverage was provided in the policy previously issued, but would check the matter and report back. Cohoon further deposed that about a week later Cook advised him that he had checked and there was such coverage.

In his deposition, Cook agreed with Cohoon's recollection of events, which recollection was substantiated, in part, by Hester, president of Cimarron. Cook said he *thought* the policy issued by Western on February 1, 1978, did provide "completed operations" coverage, when in fact it did not. Cook said he eventually did get around to providing such coverage when an endorsement to that effect was issued in November, 1979.

As stated, Western brought a declaratory judgment action against Cimarron, the latter counterclaiming for reformation and also filing a third party complaint against Melvin Cook, the general insurance agent representing Western. On motion, the third party complaint was dismissed. Based on the depositions of all interested parties, the district court held, as a matter of law, that this was not a proper case for reformation, and that the policy of insurance, as written and issued, did *not* cover "completed operations," and, in fact, specifically excluded such, and entered summary judgment for Western.

On appeal, Cimarron urges two grounds for reversal: (1) on the undisputed facts the district court was compelled to hold, as a matter of law, that the written contract of insurance should be reformed so as to

include a "completed operations" endorsement; and (2) because of the statements made by its agent, Melvin Cook, to Cohoon, vice-president of Cimarron, that the contract of insurance contained a "completed operations" provision, Western is estopped from denying the existence of such coverage. We do not agree with either argument.

In *Evans v. Hartford Life Ins. Co.*, 704 F.2d 1177, 1179 (10th Cir.1983), a case decided under Oklahoma law, we spoke as follows:

> An action seeking reformation proceeds from the premise that the parties came to an understanding but, when it was reduced to writing, some provision was omitted from the contract or a mistake was inserted through mutual mistake and fraud. *Agee v. Travelers Indemnity Co.*, 264 F.Supp. 322, 326 (W.D. Okl.1967), *aff'd*, 396 F.2d 57 (10th Cir. 1968). No reformation may be had unless there was a prior agreement to which the contract as written can be reformed. *Id.; Tuloma Pipe & Supply Co. v. Townsend*, 182 Okl. 321, 77 P.2d 535, 537 (1938); *Douglas v. Douglas*, 176 Okl. 378, 56 P.2d 362, 363, 369 (1936).

■ In the instant case, there was no *prior* agreement between the parties to which the contract, as written, could be reformed. It is undisputed that as of February 1, 1978, the starting date of the policy with which we are here concerned, there was no mutual and prior understanding that the policy of insurance to be issued would provide for "completed operations" coverage. Indeed, Cohoon, the vice-president of Cimarron and the one who later talked with Agent Cook regarding such coverage, stated that he had never heard of such coverage until he attended a contractor's meeting in Arizona around the middle of February, 1978, and that it was only on his return that he first made inquiry of Agent Cook concerning the matter. This is not an instance where the written contract of insurance was at variance with a prior agreement between the parties. The district court did not err in refusing to "reform" the insurance policy in the manner requested by Cimarron.

■ Although we do not find that the estoppel question was really advanced by Cimarron in the district court, in this Court Cimarron does argue, alternatively, that Western is estopped from denying "completed operations" coverage because its agent, Cook, some two to three weeks after the effective date of the insurance policy, mistakenly advised Cimarron's vice-president, Cohoon, that there was such coverage, when in fact, under the terms of the policy, such coverage was specifically excluded. We are not in accord with this argument.

The general rule is that while courts may perhaps be liberal in their application of the doctrines of waiver and estoppel to defeat a forfeiture of a contract of insurance, it is equally well settled that coverage of an insurance policy may not be extended by waiver or estoppel so as to include a particular risk which, under the terms of the written policy, is specifically excluded. *See Keaten v. Paul Revere Life Insurance Co.*, 648 F.2d 299 (5th Cir.1981); *City of Carter Lake v. Aetna Casualty and Surety Co.*, 604 F.2d 1052 (8th Cir.1979); *Foremost Insurance Co. v. Putzier*, 100 Idaho 883, 606 P.2d 987 (1980).

Although the Oklahoma courts have apparently not considered the precise issue, it is nonetheless true that they recognize the general rule above stated. *Lester v. Sparks*, 583 P.2d 1097, 1100 (Okla.1978); *Security Insurance Co. of New Haven v. Greer*, 437 P.2d 243, 246 (Okla.1968); *Mahone v. Hartford Life and Accident Insurance Co.*, 561 P.2d 142, 150 (Okla.Ct.App. 1976). For example, in *Greer*, the Oklahoma Supreme Court stated:

> Some jurisdictions hold that the doctrines of waiver and estoppel, while available to preclude the insurer from avoiding liability for risk which may be defeated by breach of conditions set forth in the policy, cannot be invoked to broaden the scope of coverage of a policy so as to bring within its protection risks which are not included or are expressly excluded. See, Annotations in 113 A.L.R. 854 and 1 A.L.R.2d 1139, 1144. The theory

underlying this rule appears to be that neither estoppel nor waiver can operate to create a new contract.... This court has not had occasion expressly to adopt or reject any limitations on the availability of waiver and estoppel in actions against insurers. Assuming without deciding that a restrictive rule should be followed, we fail to see how it could be applied in favor of the insurer here.

*Greer,* 437 P.2d at 246.

Further, in *Lester,* the Oklahoma Supreme Court cited with approval the general rule as set forth in *Appleman's Treatise on Insurance Law* and commented as follows:

Section 9090 states at page 344: "The doctrine of implied waiver or estoppel is not available to bring within the coverage of an insurance policy risks that are not covered by its terms or that are expressly excluded therefrom."

*Lester,* 583 P.2d at 1100.

Judgment affirmed.