PROVIDENT LIFE & ACCIDENT IN-
SURANCE COMPANY,
Plaintiff–Appellant, Cross–Appellee,

v.

TRANSAMERICA–OCCIDENTAL LIFE
INSURANCE COMPANY,
Defendant–Appellee, Cross–Appellant.

No. 87–5526.

United States Court of Appeals,
Eleventh Circuit.

Aug. 1, 1988.

Maria P. Sperando, Fleming, O'Bryan & Fleming, Paul R. Regensdorf, Ft. Lauderdale, Fla., for plaintiff-appellant, cross-appellee.

Michael E. Wargo, Thornton, Hinshaw & Culbertson, Robert J. Burke, Jeffrey A. Blaker, Thornton & Hinshaw, P.A., Miami, Fla., for defendant-appellee, cross-appellant.

Before FAY and VANCE, Circuit Judges, and HOFFMAN *, Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

Provident Life and Accident Co. (Provident) brought a declaratory judgment action against Transamerica–Occidental Life Insurance Co. (Transamerica) asking the court to determine which of the two insurance carriers is liable for the medical expenses of David Wall incurred after April 30, 1983. Provident issued a group policy to Wall's employer, Harlon, effective December 1, 1978. The policy contains a provision extending benefits for one year beyond the termination of the policy if the employee covered by the policy is totally disabled on the date the policy terminates. Provident's policy with Harlon terminated on April 30, 1983, at which time a group

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

policy issued to Harlon by Transamerica took effect.

Early in 1982, Wall discovered that he had cancer. The record suggests that, while he did not return to work after May 17, 1982, Wall continued to take part in Harlon's business. In letters to Harlon's insurance broker, Transamerica agreed to provide benefits to Wall and his family "as long as there is no extension of benefits under the former carrier." In a letter dated June 7, 1983, Transamerica advised Harlon's insurance broker:

David Wall and his family are covered under the Harlon Group Policy with [Transamerica] effective May 1, 1983. Even though Mr. Wall was totally disabled on our effective date, due to the takeover provisions of the policy, we will continue to provide full benefits for him and his dependents as long as the required premium is paid.

Transamerica paid benefits to Wall through the fall of 1983. Then, according to supplemental briefs submitted by the parties, Harlon's insurance broker began complaining about the premiums due under Harlon's policy with Transamerica. By this time, Transamerica had paid benefits to Wall in the amount of $37,000.00. These payments were adversely affecting Harlon's premiums. The broker apparently wanted Transamerica to shift the liability for Wall's medical expenses to Provident pursuant to the "Extension of Benefits" provision in Provident's policy with Harlon in order to reduce Harlon's current premiums. According to both parties, in order to appease the broker, Transamerica requested and received a formal denial of liability from Provident for Wall's expenses incurred after April 30, 1983.[1] In February of 1984, soon after the formal denial of liability, Transamerica determined that it

was not responsible for Wall's medical bills and asked Provident to reconsider its denial of liability. Provident refused and filed an action for declaratory judgment to determine which insurer is liable for Wall's medical expenses.

The United States District Court for the Southern District of Florida determined that the only issue in the case was whether Wall was totally disabled on April 30, 1983 when Provident's policy terminated. Under the court's rationale, if Wall was totally disabled, then he was covered under the extension of benefits provision in Provident's policy and the responsibility for his medical expenses falls on Provident; on the other hand, if Wall was not totally disabled, then he was covered under Transamerica's policy and thus the responsibility for his medical expenses remains with Transamerica. The court found that Wall was totally disabled on April 30, 1983 and therefore concluded as a matter of law that "the loss must fall upon Provident."[2] Provident appealed the district court's ruling.

At oral argument, we asked both parties to explain to the court the "case or controversy" giving rise to subject matter jurisdiction in this action.[3] Because neither party explained the "case or controversy" to the court's satisfaction, we ordered the attorneys to brief the issue. After reading the briefs, we have concluded that no case or controversy exists between these parties. Consequently, the district court did not have jurisdiction to hear the action and we must vacate the lower court's judgment.

Article III, section two of the Constitution limits the exercise of judicial power to "cases" and "controversies." The declaratory judgment act, in its reference to "'cases of actual controversy' manifestly

---

1. Wall died on December 18, 1983.

2. On June 4, 1987 the district court entered a judgment in favor of Transamerica for $111,-794.20, of which $25,785.86 is prejudgment interest. In the supplemental brief, Transamerica claims it has paid over $85,000.00 on Wall's claims. Neither the record nor the briefs make clear when these expenses were incurred. However, in light of our ruling on the issue of

jurisdiction, the exact date that Transamerica paid these claims is irrelevant.

3. At the trial below, neither party raised the issue of the court's jurisdiction in this case. The parties' failure to address the issue, however, does not "preclude this court from uncovering fatal jurisdictional defects." *Travelers Indemnity Co. v. Standard Accident Insurance Co.*, 329 F.2d 329, 330 (7th Cir.1964).

has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937). Congress did not broaden the jurisdiction of the federal courts via the declaratory judgment act, but rather provided a new procedural device for handling controversies over which the courts already have jurisdiction. Id. at 240, 57 S.Ct. at 463; *First Federal Savings and Loan Ass'n of Lake Worth v. Brown,* 707 F.2d 1217, 1220 (11th Cir.1983). Thus, the declaratory judgment action "affects exclusively matters of practice, pleadings and forms and modes of proceedings." Borchard, *Declaratory Judgments* 231 (2d ed 1941). The Act does not affect requirements for the exercise of federal jurisdiction. *First Federal v. Brown,* 707 F.2d at 1220; *Seibert v. Baptist,* 594 F.2d 423, 428 (5th Cir.), *rev'd on other grounds,* 599 F.2d 743 (1979). Since the jurisdictional limits under the declaratory judgment act mirror those found int he Constitution, this court does not have subject matter jurisdiction over the issue presented unless the issue is a "case or controversy."

The Supreme Court in *Aetna v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), explained the case or controversy requirement for federal jurisdiction:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Id. at 240–41, 57 S.Ct. at 463–64. (citations omitted). Courts have found the case or controversy requirement lacking when the plaintiff has no interest in the case, when the defendant has no interest in the case, when no conflict exists in the case, when there is no adverse claimant, when there is no conflict in the case because of a defect in the parties and when there is no legal relationship between the parties. *See,* Borchard, *Declaratory Judgments* 30 n. 18. At least two of the defects listed above are present in the instant case.

First, there is a defect in the parties to this action. Instead of bringing an action to determine the rights and obligations between the insurance company and the insured,[4] Provident brought a declaratory judgment action against Transamerica, the other insurance company. The controversy over whether Transamerica wrongly paid benefits to Wall is not between Transamerica and Provident, but between Transamerica and Wall. Consequently, Transamerica's failure to name Wall (or Wall's estate) in this action leaves no case or controversy on which to base jurisdiction. *See Travelers Indemnity Co. v. Standard Accident Insurance Co.* 329 F.2d 329, 330 (7th Cir.1964) (action between two insurers to establish liability not "substantial controversy between parties having adverse legal interest").

Second, the court lacks jurisdiction in this action because there is no legal relationship between the parties on which to base liability. In oral argument, Judge Vance asked the telling question "If you were pleading this case under common law pleading what label would you put on your cause of action?" Neither party presented a satisfactory answer at oral argument or in their supplemental briefs. While there is a legal relationship between Provident and Wall and between Transamerica and Wall, there is no legal relationship between the two insurers. Consequently, there is no basis on which to rule either party liable to the other.

Both Provident and Transamerica cite several cases to support the court's jurisdiction over this matter. First, Provident cites *Continental Casualty Co. v. Employers Commercial Union Insurance Co.,* 476 F.2d 782 (8th Cir.1973), to support the proposition that courts prefer insurers

---

4. In the typical declaratory judgment action, the insurer brings an action against the *insured* to establish nonliability. *See* 20 Appleman, *Insurance Law and Practice* § 11354 n. 7 and cases cited therein.

to pay the insured, and then argue over which insurer is liable. While Provident correctly interprets the Eighth Circuit's goal in *Continental Casualty,* Provident ignores the proper procedure for accomplishing the goal. Insurers may provide benefits to their insured while reserving the right to proceed against other insurers that may be liable to the insured. This procedure was properly used in *Allstate Insurance Co. v. Employers Liability Assurance Corp.,* 445 F.2d 1278 (5th Cir. 1971), also cited by Provident to support the court's jurisdiction. In *Allstate Insurance,* the court decided the issue of whether an insurer's "voluntary payment, although accompanied by a full reservation of rights by the payors as between themselves nevertheless operat[ed] to extinguish the right of the parties to invoke federal declaratory jurisdiction." *Id.* at 1281. The Fifth Circuit held that the insurer's "unambiguous agreement with each other clearly evinces their intention to reserve and not to forego a later adversary determination of their respective rights and liabilities." *Id.* In the instant case, Provident and Transamerica entered no such agreement. Indeed, the record shows that the two companies did not dispute Transamerica's liability until after Wall's death. In *Allstate Insurance,* the parties brought a declaratory judgment action based on the reservation of rights agreement. In the instant case, as no such agreement exists, no legal relationship exists on which to bring an action.

In *Industrial Underwriters Insurance Co. v. P & A Construction Co.,* 382 F.2d 313 (10th Cir.1967), also cited by Provident, the court found jurisdiction to resolve a dispute between two insurers in a declaratory judgment action even though "there was no privity between them and the obligation of each was to their common insured and not to the other." *Id.* at 315. However, in *Industrial Underwriters,* the insured was named as a party to the action. Thus, even though no legal relationship existed between the insurers, there was a

controversy between the plaintiff insurer and the defendant insured. In the instant case, Wall, the insured, was never named as a party to the action. Furthermore, Wall had no incentive to join the action since Transamerica never refused to provide benefits. Since Wall was not named, no controversy exists between the remaining insurers. In short, authority cited by Provident to support the court's jurisdiction in this matter is easily distinguishable. Transamerica, on the other hand, presents much more convincing authority to support the court's jurisdiction.[5] Transamerica cites *United Services Auto Association v. Royal–Globe Insurance Company,* 511 F.2d 1094 (10th Cir.1975), in which the insurer of the driver of a rented car brought a declaratory action to establish that the insurer of the rental company was responsible to defend and indemnify the driver in a suit arising out of an accident involving the driver. The district court ruled against the rental company's insurer, and the insurer appealed challenging the other company's standing to bring the suit. To support its challenge, the appellant cited "the settled and familiar rule that an action by a third party to enforce a contract may be brought only when the third party is a direct beneficiary of the contract." *Id.* at 1096 (citations omitted). Finding that it had jurisdiction, the court said:

> We do not think this rule applicable here, simply because this action is not one to enforce a contract but rather seeks a declaration of the relative rights and duties of [the two insurers]. The subject matter of this suit—the duty to defend and indemnify [the driver] in the pending ... lawsuit—is definite and substantial. Each party has a stake in the outcome, and their interests are adverse. We conclude that [the insurer] has standing to bring this declaratory action.

*Id.* at 1096.

To the extent that the court in *United Services* found a case or controversy between the two insurers, we must disagree.

5. Since Provident lost in the trial below, Provident will benefit from a vacation of the district court's ruling. This may explain Provident's

unpersuasive authority concerning the court's jurisdiction.

As in the instant case, no legal relationship existed between the insurers. Had the insurers jointed the insured in their action, a definite and substantial controversy would exist, as the declaratory judgment action would be to establish the rights and obligations between the insurers and the insured as evidenced in the insurance contract. Similarly, had the insurers reserved their rights against each other, and then defended and indemnified the insured, the insurers could then bring a declaratory judgment action to determine which insurer was liable. Such action would be based on the reservation of rights agreement.

Since there was no case or controversy between the parties we find that the district court was without jurisdiction to settle this dispute. The judgment of the district court is therefore VACATED and the case is REMANDED with directions to DISMISS the action for want of jurisdiction.