F I L E D
United States Court of Appeals
Tenth Circuit

APR 13 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

COUNCIL OAKS LEARNING
CAMPUS, INC.,

      Plaintiff-Appellant,

v.

FARMINGTON CASUALTY
COMPANY,

      Defendant-Appellee.

No. 99-5122
(D.C. No. 98-CV-3-C)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Council Oaks Learning Campus, Inc. appeals the district court's grant of summary judgment to defendant-appellee Farmington Casualty Company (Farmington), and the court's denial of plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## Background

Plaintiff is a private school and day care center in Broken Arrow, Oklahoma. For a period of one year, from September 1, 1991, through September 1, 1992, Farmington insured the main structure of the school. [1] In May 1992, plaintiff submitted a claim to Farmington for wind and hail damage to the roof of the school. Farmington adjusted the claim as being less than plaintiff's deductible amount under the policy. Plaintiff alleged that from 1992 to 1997, the building suffered repeated water damage to the interior as a result of the damaged roof. Plaintiff claims that each year, at the time it renewed its

---

[1]  In 1992, Farmington was a subsidiary of Aetna Casualty & Surety Company of America who renewed and reissued the Farmington policy from September 1992 through September 1994. Plaintiff alleged that the Farmington/Aetna policy was subsequently purchased by Standard Fire Insurance Company, who did business as part of the Traveler's Property Casualty Insurance Company, who ultimately authorized the payment to plaintiff under the 1992 Farmington policy. In its complaint, plaintiff also named Federal Insurance Company, who insured the property from September 1994 through September 1996, and Capitol Indemnity Corporation, who insured the property from September 1996 through September 1997.

policy, it was assured by its insurance agency that, if it was later proven that the damage resulted from the 1992 storm, its claims would be paid.

In April 1997, plaintiff filed a claim with its current insurer, Capitol Indemnity Company, for damage to the roof by a recent storm which removed a large area of shingles and felt. Apparently Capitol denied the claim, finding the roof damage to be mainly the result of the 1992 storm. Plaintiff replaced the roof, and requested that its insurance agency submit the claim to Farmington. Farmington's adjuster authorized an adjustment of the claim under the 1992 policy. Farmington paid the cost of the new roof as a "questionable" claim under the 1992 policy, and also paid a minimal amount, $339.16, toward the interior repairs.

In its original suit brought in state court against a number of insurance companies who had sold plaintiff property insurance for the school during the five years in question, plaintiff did not name Farmington. Once the matter was removed to federal court, plaintiff filed an amended complaint joining Farmington as a defendant. [2] Plaintiff's complaint requested a declaratory judgment and claimed breach of insurance contract and bad faith arising out of defendants' refusal to cover the damages to the interior and contents of the school building.

---

[2] All defendants except Farmington were eventually dismissed from the suit by stipulation.

-3-

Farmington moved for summary judgment, contending that the claims were barred by the applicable statute of limitations.

In granting Farmington's motion, the district court determined that plaintiff's claims, filed over five years after the Farmington policy lapsed, were barred by the limitations language of the policy requiring any action to recover under the policy to be brought within two years after the date "on which the direct physical loss or damage occurred." [3] Appellant's App. at 49. The court rejected plaintiff's waiver and estoppel arguments, and its contention that Farmington's alleged failure to comply with the Oklahoma Unfair Claims Settlement Practices Act (UCSPA), Okla. Stat. tit. 36, §§ 1250.1-.16, precluded it from raising the limitations defense.

On appeal, plaintiff contends that the district court erred in (1) finding in its order denying plaintiff's Rule 59 motion that the interior damage was not recoverable in plaintiff's breach of contract claim; (2) finding that plaintiff's breach of contract claim was barred by a two-year statute of limitations in the absence of a waiver by or estoppel against Farmington; (3) finding that the notice requirements of the UCSPA were not incorporated into the insurance contract; and (4) finding that plaintiff's bad faith claim was barred by the two-year statute

---

[3] We note, as did the district court, that this limitation provision in the policy allows plaintiff one year longer than the Oklahoma limitations statute applicable to property insurance policies. *See* Okla. Stat. tit. 36, § 3617.

of limitations. Following our review of the parties' briefs, the district court's orders, and the record on appeal, we conclude that plaintiff's issues on appeal are without merit, and we affirm.

### Discussion

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs*., 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S. Ct. 53 (1999). Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). When reviewing a grant of summary judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Simms*, 165 F.3d at 1326. As for the district court's denial of plaintiff's Rule 59 motion to alter or amend judgment, we apply an abuse of discretion standard. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Because this case is "grounded on diversity jurisdiction," we apply Oklahoma substantive rules of law. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). "A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the

-5-

result that would be reached in an Oklahoma court." *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994). In reviewing this case, we are obligated to "apply Oklahoma law, as announced by that state's highest court." *Hays v. Jackson Nat'l Life Ins. Co.*, 105 F.3d 583, 587 (10th Cir. 1997). The district court's determination of Oklahoma law is reviewed de novo. *Salve Regina College v. Russell*, 499 U.S. 225, 239 (1991).

First, plaintiff claims error in the district court's finding that the interior damage to the building was not covered by the Farmington policy. The disputed provisions in the policy state:

LIMITATIONS

1.    We will not pay for loss of or damage to:

. . . .

c.    The interior of any building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

(1)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters[.]

Appellant's App., Vol. I at 76-77.

EXCLUSIONS

2.    We will not pay for loss or damage caused by or resulting from any of the following:

. . . .

-6-

f.      Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

*Id.* at 74-75.

Plaintiff argues that Farmington waived or was estopped from asserting this exclusion to deny coverage.  In rejecting plaintiff's estoppel argument, the district court relied on *Western Insurance Co. v. Cimarron Pipe Line Construction, Inc.*, 748 F.2d 1397, 1399 (10th Cir. 1984), in which this court stated that "it is . . . well settled that coverage of an insurance policy may not be extended by waiver or estoppel so as to include a particular risk which, under the terms of the written policy, is specifically excluded."  We agree with the district court's conclusion that the insurance policy at issue here unambiguously excludes coverage for damage as a result of seepage or leakage which occurs repeatedly or continuously over a period of fourteen days or more.  This is an excepted risk.  Therefore, there is no forfeiture of coverage being effected as plaintiff was never covered for the interior seepage and leakage damage which, by plaintiff's own admission, repeatedly occurred over a five-year period.  Consequently, the equitable relief of waiver or estoppel claimed by plaintiff is inappropriate because it would operate to expand the plain scope of the insurance policy. *See id.; see also Security Ins. Co. of New Haven v. Greer,* 437 P.2d 243, 246 (Okla. 1968) (assuming without deciding the applicability of the restrictive rule).

Plaintiff also argues that Farmington was barred from asserting the exclusion due to its failure to comply with certain notice provisions of the UCSPA. Plaintiff asserts that Farmington did not give adequate notice in writing of the exclusion when denying plaintiff's claim. In rejecting this claim, the district court held that the UCSPA does not create a private right of action. We agree.

The Oklahoma courts have been clear on this issue. In *Walker v. Chouteau Lime Co.,* 849 P.2d 1085, 1087 (Okla. 1993), the Oklahoma Supreme Court stated:

> [W]e do not find a private remedy consistent with the general scheme of the Act. The purpose of the Act is to prevent unfair business practices. To accomplish this, the legislature gave the Insurance Commissioner the power to regulate through its "cease and desist" orders and power to revoke or suspend an insurance industry's license to do business.

The court further opined that "[i]f the legislature intended to provide for a private right of action, we have no doubt the legislature knew how to do so." *Id.; see also McWhirter v. Fire Ins. Exch., Inc.*, 878 P.2d 1056, 1057-58 (Okla. 1994) (relying on *Walker* to find the plaintiffs did not have a private right of action under the UCSPA).

Relying on *McKinley v. Prudential Property & Casualty Insurance Co.*, 619 P.2d 1269, 1270 (Okla. App. 1980), plaintiff argues that, as existing law, the UCSPA is incorporated into the insurance contract. We agree with plaintiff's

contention that "existing applicable law is a part of every contract." *Dillard & Sons Constr., Inc. v. Burnup & Sims Comtec, Inc.*, 51 F.3d 910, 915 (10th Cir. 1995) (quotation omitted). We reject, however, its argument that incorporating the UCSPA into the insurance contract somehow creates the private right of action that does not exist in the unincorporated statute.

Next, plaintiff asserts that Farmington is estopped from asserting the two-year limitations period against plaintiff's breach of contract claim. Again, plaintiff relies on Farmington's alleged violation of the notice provisions of the UCSPA. In light of our decision above, we determine this claim to be without merit. Plaintiff's assertion that the district court erred in concluding that the notice provisions of the UCSPA were not incorporated into the insurance contract also fails. Even if we were to find error and determine that the notice provisions were incorporated into the insurance contract, the error would be harmless as this incorporation would not create the private right of action missing in the statute.

Finally, plaintiff contends that the district court erred in concluding that its bad faith claim was barred by the two-year limitations period. In asserting this argument, plaintiff misrepresents the record. Plaintiff correctly states that in its order granting Farmington's summary judgment motion, the district court did not address plaintiff's bad faith claim. Reurging the issue in its Rule 59 motion to alter or amend, plaintiff argued that its bad faith claim was timely. In denying

this motion, the district court did not hold plaintiff's bad faith claim to be untimely, but rejected it on the merits. The court, finding that plaintiff failed to show that Farmington had a duty to cover any long term loss to the building interior or any duty to cover damage which came within the deductible, concluded that there was nothing in any of plaintiff's pleadings to support the tort claim of bad faith. *See Christian v. American Home Assurance Co*., 577 P.2d 899, 905 (Okla. 1977) (holding that tort liability for bad faith "may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured"). On appeal, plaintiff only argues the applicability of the two-year statute of limitations to plaintiff's bad faith claim and fails to assert any error in the district court's findings and conclusions on the merits. Therefore, the issue is considered waived. *See National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir. 1989) (holding appellate court is not required to manufacture an appellant's "argument on appeal when it has failed in its burden to draw our attention to the error below").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge