TRI–STATE INSURANCE COMPANY, a Corporation, Plaintiff in Error,

v.

J. O. HOBBS, Defendant in Error.

No. 38496.

Supreme Court of Oklahoma.

Dec. 1, 1959.

Kay Wilson, Jr., Muskogee, for plaintiff in error.

Norman & Wheeler, Muskogee, for defendant in error.

JOHNSON, Justice.

From a stipulation of facts entered into upon the trial, it appears that the Tri-State Insurance Company issued a liability insurance policy to the defendant J. O. Hobbs, doing business in Oklahoma as a Class B Common Carrier of Freight; that at the time of the delivery of the policy there was attached to said policy endorsements hereinafter referred to. That defendant submitted the policy to the Corporation Commission of the State of Oklahoma and was issued a Class B Carrier permit, the said policy being one of the regulation requirements of the Corporation Commission; that on the 17th of November, 1952, J. O. Hobbs, while engaged as a common carrier, was using a winch line to hoist the trailer covered by the insurance policy to connect the trailer with his tractor, during which operation the cable became disconnected from the trailer and allowed the trailer to fall to the ground. There was loaded on the trailer at the time a dragline belonging to the City of Muskogee, which J. O. Hobbs was to haul from the city water plant to the city dump. When the trailer fell to the ground, the dragline toppled off the trailer bed and also fell to the ground causing damage to the cab of the dragline which cost $1,169.15 to repair; that the City of Muskogee in cause number 34,604 in the District Court of Muskogee County on December 10, 1954, upon these facts obtained a judgment against J. O. Hobbs and Tri-State Insurance Company jointly in the amount of $1,169.15, plus $27.75 costs based on said incident. No appeal was taken from that judgment.

The Tri-State Insurance Company made demand upon J. O. Hobbs to pay the judgment, which he refused to do. Tri-State Insurance Company paid the judgment and obtained a release and satisfaction, and brought this action to recover from Hobbs the amount so paid under the terms of the reimbursement clause of the policy.

It was further stipulated that prior to the institution of the action against Hobbs and Tri-State, the City of Muskogee offered to settle its claim for the sum of $800; that J. O. Hobbs demanded of Tri-State that it pay the City of Muskogee $800; that Tri-State thereupon demanded of J. O. Hobbs that as a prerequisite to Tri-State paying the City of Muskogee $800, J. O. Hobbs should execute a note to Tri-State for $800 or confess judgment in favor of Tri-State for $800 in accordance with the terms of the reimbursement clause of plaintiff's policy, which provided:

"In consideration of the premium charge and of the issuance of the 'State Regulatory Commission' endorsement attached, the insured hereby agrees to reimburse the Company for any payment made by the Tri-State Insurance Company on account of any loss, damage, claim or suit involving a breach of the terms, provisions, or conditions of the policy or arising out of the ownership, maintenance and/or use of any motor vehicle or trailer not described in the policy and which payment the Company would not have been obligated to make but for the provisions of the 'State Regulatory Commission' endorsement.

"This endorsement forms a part of Policy No. AC 8322 issued to J. O. Hobbs by the Tri-State Insurance Co., of Tulsa, Oklahoma, and is effective from October 27, 1952."

J. O. Hobbs refused Tri-State's demands, and Tri-State refused to settle the claim with the City of Muskogee for $800, resulting in the joint judgment against Hobbs and Tri-State as aforesaid.

It was further stipulated that under the terms of the policy, unaltered by regulations of the Corporation Commission, Tri-State Insurance Company would not have been liable to the City of Muskogee in any amount; that the regulatory provision of the Corporation Commission which enlarged the policy to cover the loss involved in this accident was to be found in Rule 23

(d) of the Rules and Regulations governing Motor Carriers issued in the form of Order No. 15639 by the Corporation Commission of the State of Oklahoma effective September 1, 1942, the pertinent portions of which are:

"All intra-state common motor carriers of freight or express shall file original certified copy of original or duplicate copy of cargo bond or insurance policy in the amount of $2,500.-00 for which freight carrying vehicle operated by any such carrier for the benefit of all persons who may suffer damage to property while in possession of said motor carrier, surety or insurer to be liable whether insured is solvent or insolvent."

It was further stipulated that Paragraph J of Rule 23 provided:

"Any provision or statement contained in any liability insurance bond or contract of insurance or policy filed with or approved by the Commission, to the effect that liability of motor carriers may be voided because of the culpability, the recklessness, or the condition of the driver, or any other restriction relating to the driving or operating of the vehicle on the part of the motor carrier shall have no force and effect insofar as liability to the public is concerned; * * *."

The judgment rendered upon the stipulation of facts in the action to recover on the aforesaid reimbursement clause was a general finding of the issues in favor of the defendant, J. O. Hobbs, and against the plaintiff, Tri-State Insurance Company, from which it appeals. And, for reversal, its assignments of error are presented under two propositions.

The first proposition is:

"An agreement by an insured to reimburse his insuror for payments which the insuror is required to make which it would not have been obligated to make but for Corporation Commission regulations is a valid contract."

■ An examination of the authorities on the subject discloses that the design and purpose of compulsory liability insurance required of a common carrier as a condition precedent before such carrier can be issued a permit as a common carrier are to protect the public and third persons and not to regulate the relations between the insurer and the insured. Hoosier Casualty Co. of Indianapolis, Ind. v. Fox, D.C., 102 F.Supp. 214; Travelers Mutual Casualty Company v. Herman, 8 Cir., 116 F.2d 151; Bennett v. Preferred Accident Ins. Co. of N. Y., 10 Cir., 192 F.2d 748, and United States Fidelity & Guaranty Co. v. Walker, Okl., 329 P.2d 852.

■ In the instant case it was stipulated that but for the regulatory provisions of the Corporation Commission which enlarged the policy to cover the incidents of this accident, that Tri-State would not have been liable even to the third party, the City of Muskogee, clearly invoking the rule announced in the above cited authorities.

■ Though the court in the Bennett case, supra (Okl., 192 F.2d 748, 751) affirmed the lower court, and we must here reverse, yet the rule herein stated is applicable herein, even though conversely affecting the judgment of the trial court.

Therein the court said:

"In the Preferred policy Bennett agreed to reimburse Preferred for any payment it was required to make which it would not have been required to make under the terms of the policy except for the provisions of Condition 4 and endorsement 'E'. Although the language of the policy is somewhat ambiguous as to what payments should be reimbursed, it appears to us that the essence of these reimbursement clauses is that Bennett will repay Preferred for any payment made by the company which it would not have been required to make under the terms of the policy. We think the trial court was correct when it concluded that under the terms of the Preferred policy Bennett was

under obligation to reimburse Preferred for any sum which it had paid for the loss in question * * *."

Defendant's second proposition is:

"The insurer may exercise the right to defend for its own advantage, even though from the standpoint of the assured a different course would have been preferable."

As an alternative to the defense that the reimbursement clause in the policy was void, the defendant contends that plaintiff should not be allowed to recover the amount of the judgment in excess of the $800, the amount that the case could have been settled for. The plaintiff, in line with its second proposition, argues to the contrary, asserting that an insurer is liable only in cases where bad faith is shown on the part of the insurer in refusing to settle. In cases where bad faith was shown, we have held the insurer liable. American Fidelity & Cas. Co. v. L. C. Jones Trucking Co., Okl., 321 P.2d 685. However, in the instant case, no evidence was offered by the defendant to show bad faith on the part of the plaintiff in refusing to settle. On the contrary, it was stipulated that defendant refused to abide by the terms of the policy to reimburse the plaintiff for any amount that it might pay in settlement of the claim.

Evidently, at all times, the defendant proceeded under the theory that he was not bound by the reimbursement clause, and that the good or bad faith of the plaintiff in the first instance was immaterial in so far as he was concerned, and the court apparently so held.

In view of what we have said herein, we conclude that the judgment of the trial court should be reversed. Therefore, the judgment is reversed and remanded with directions to enter judgment in favor of the plaintiff (in error) in the amount it was required to pay in satisfaction of the judgment which it would not have been required

to pay under the policy as written but for the Corporation Commission regulations.

WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.