**ALLSTATE INSURANCE COMPANY,**
**Plaintiff,**

v.

**Lancie H. SMITH, Patricia K. Smith, Shelley A. Vinge, a minor, Anna Darneal, Administratrix of the Estate of Max David Dinwiddie, Deceased, Defendants.**

**No. 77–4–C.**

United States District Court,
E. D. Oklahoma.

Dec. 30, 1977.

Kenneth N. McKinney, Oklahoma City, Okl., for plaintiff.

Jim K. Goodman, Oklahoma City, Okl., Mary Ann Fairlamb, Talihini, Okl., for defendants.

**ORDER GRANTING SUMMARY JUDGMENT**

MORRIS, Chief Judge.

This declaratory judgment action is before the court on plaintiff's motion for summary judgment. Plaintiff has filed a brief in support of the motion, to which defendants have filed a response. Plaintiff has filed a reply to defendants' response. In accordance with the court's order of September 29, 1977, the depositions of defend-

ants Lancie Smith and Patricia Smith, upon which plaintiff relies in support of its motion, have been filed with the clerk of the court.

Plaintiff contends that it is entitled to summary judgment declaring that the insurance policy which it had issued to defendant Lancie Smith as the named insured did not provide liability coverage with respect to an accident which occurred subsequent to the divorce of Lancie Smith and Patricia Smith and while the car was being driven by a friend of Patricia Smith and with her permission. Plaintiff claims that the following material facts, which it says are undisputed, establish that it is entitled to judgment as a matter of law: (1) the insurance policy with respect to the 1974 Ford Pinto involved in the accident was at all material times solely in the name of Lancie Smith; (2) defendants Lancie and Patricia Smith were divorced at the time of the accident, and the 1974 Pinto was her separate property pursuant to the divorce decree; and (3) prior to the accident, plaintiff insurer was not advised of the change in ownership of the Pinto as a result of the divorce proceedings, and plaintiff therefore never extended coverage on Patricia Smith's car.

Defendants respond (1) that the Pinto was titled in the name of "Lancie H. Smith or Patricia K. Smith;" (2) that Lancie Smith never assigned the title to Patricia; (3) that Lancie Smith had an insurable interest in the car by virtue of being the mortgagee responsible to Ford Motor Credit Company for the unpaid balance of a loan on the car, and (4) that plaintiff insurer was notified of the divorce prior to the accident and continued to accept the premium payments which constitutes an extension of the coverage on the Pinto to Patricia Smith subsequent to the divorce.

Since the court by its order of June 27, 1977 dismissed the action with respect to defendant Ford Motor Credit Company, the lienholder named in the loss payable clause of the policy, plaintiff's insurance liability, if any, for the property damage to the automobile is not an issue before this court on plaintiff's summary judgment motion as against the individual defendants.

Defendant Lancie Smith was the named insured under the insurance policy issued by plaintiff insurer with respect to the 1974 Ford Pinto involved in the accident. Plaintiff's Exhibit No. 2.[1] By its terms, the liability protection of the insurance policy extended to the following persons:

The following persons are insured under this Section

1. The named insured with respect to the owned or a non-owned automobile, provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;

2. Any resident of the named insured's household with respect to the owned automobile;

3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission;

4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative, provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; and

5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; provided the automobile, if a non-owned automobile, is not owned or hired by such other person or organization.

The insurance afforded under this Section applies separately to each insured against whom claim is made or suit is brought, but the inclusion of more than

---

1. The exhibits referred to in this order are attached to Lancie Smith's deposition.

one insured shall not operate to increase the limits of Allstate's liability.

Definitions of words used under this Section

1. Persons Insured

(a) "Insured" means any person or organization listed as insured in this Section;

(b) "named insured" means the individual named in the declarations, and his spouse if a resident of the same household; and

(c) "relative" means a relative of the named insured who is a resident of the same household.

Plaintiff's Exhibit No. 7, at 1–2.

The divorce decree awarded the car in question to Patricia Smith and further provided:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the aforesaid property settlement agreement between said parties be and the same is hereby approved as set out above and each of the parties hereto are hereby ordered and directed forthwith to execute and deliver to the other such assignments, bills of sale, deeds or conveyances of record that may be necessary to carry the terms of the division of property into effect, and in the event either of said parties fail to do so within 5 days from this date, then this decree shall operate as such conveyance.

Plaintiff's Exhibit No. 1, at 2. It is clear, therefore, that by virtue of the divorce decree Patricia Smith was the owner of the automobile at the time of the accident, notwithstanding the fact that Lancie Smith never assigned the title to her, since

> a certificate of title to an automobile issued under the motor vehicle act is not a muniment of title which establishes ownership, but is merely intended to protect the public against theft and to facilitate recovery of stolen automobiles and otherwise aid the state in enforcement of its regulation of motor vehicles.

*Medico Leasing Co. v. Smith,* 457 P.2d 548, 551 (Okl.1969). Thus under the definitions of "insured," "named insured," and "rela-

tive," as set forth in the policy, neither Patricia Smith nor the driver of the Pinto at the time of the accident, who drove it with Patricia Smith's permission, were insured under any of the five categories contained in the liability protection section of the policy. Patricia Smith was the owner, but she did not qualify as a named insured since she was not Lancie Smith's spouse residing at the same household. She was not listed as an insured under the policy. She did not qualify as a resident or a relative as these terms are defined in the policy. The driver operated the car with her permission and not with that of Lancie Smith who no longer was the owner of the automobile and therefore not in a position to grant any permission. As the Tenth Circuit has said:

> When Bennie moved out of the family home with the children and established another household, she was no longer a named insured but was covered because she was driving an "owned automobile" within the policy terms with the consent of Bennie. This situation changed with the divorce decree which awarded the Buick to Louise. Bennie was no longer in a situation to grant permission for the use of the Buick and did not grant any permission to Sullivan.

*Agee v. Travelers Indemnity Co.,* 396 F.2d 57, 59 (10th Cir. 1968); *aff'g* 264 F.Supp. 322 (W.D.Okl.1967). *See also* 7 J. Appleman, *Insurance Law and Practice* §§ 4358, 4360, 4364 (1962, 1972 Cum.Supp. & 1977 Supp.).

Defendant Lancie Smith's claim that he had an insurable interest with respect to the car involved in the accident based on 36 Okla.Stat. § 3605 (1971) does not seem relevant to the liability insurance issue, since his claimed insurable interest relates to property insurance. In any event, with respect to liability insurance, insurable "interest does not depend upon whether the insured has a legal or equitable interest in property, but upon whether he may be charged at law or in equity with the liability against which the insurance is taken out." 43 Am.Jur.2d *Insurance* § 529 (1969).

Since Lancie Smith lost ownership and possession of the automobile his insurable interest in it ceased with respect to liability to third persons.

Having concluded that under the terms of the insurance policy there was no liability coverage with respect to the accident in question, the court next considers defendants' contention that, prior to the accident, plaintiff's agent was put on notice of Lancie and Patricia Smith's divorce, and that the insurer acquiesced in extending coverage to Patricia Smith by continuing to accept Lancie Smith's payments under the policy subsequent to the divorce. Defendants' claim that Allstate had notice of the divorce prior to the accident is based on Lancie Smith's deposition testimony to the effect that he mailed a renewal form to Allstate sometime in early June of 1976,[2] on which he checked a box indicating that he was divorced. Lancie Smith's Deposition at 19, 27, 30, 93. Lancie Smith told his insurance agent about the divorce during a phone conversation in July subsequent to the accident, but he could not recall having told the agent about the divorce prior to the accident. Lancie Smith's Deposition at 13–19, 31–32, 44, 75–76. Patricia Smith did not talk to anyone at Allstate prior to the accident concerning insurance on her 1974 Pinto, Patricia Smith's Deposition at 12, and defendants do not claim, and there is no indication, that either Lancie or Patricia Smith, prior to the accident, ever told the insurance agent that Patricia Smith became the sole owner of the automobile by virtue of the divorce decree, or that the defend-

ants ever requested the agent to change the liability coverage under the policy from Lancie Smith to Patricia Smith.

While there may be a fact question regarding notice to the insurer of the divorce prior to the accident, such fact question is not material so as to preclude summary judgment. This is so, because even if it be conceded that, prior to the accident, Lancie Smith told his insurance agent that he and Patricia had obtained a divorce, defendants do not claim and there is no indication that Lancie or Patricia Smith, prior to the accident, informed plaintiff of the change in ownership with respect to the automobile in question effected by the divorce decree, or requested that the policy be changed so as to cover Patricia Smith. It can therefore not be said that plaintiff had any notice or knowledge of the change in ownership of the 1974 Pinto, and that acceptance of Lancie Smith's monthly premium payments constituted an acquiescence to extending liability coverage to Patricia Smith. There is therefore no basis for concluding that the insurer may have waived the endorsement requirements under the policy,[3] since neither the insurer nor its agent had any knowledge of the change in ownership prior to the accident. *Cf.* 17 J. Appleman, *Insurance Law and Practice* § 9673, at 423 n. 45 (1945), § 9674, at 147 n. 69 (1977 Supp.). Defendants' reliance on *Warner v. Continental Casualty Co.,* 534 P.2d 695 (Okl.Ct. App.1975) is misplaced. The holding of the Oklahoma Court of Appeals in *Warner* that knowledge received by an insurance soliciting agent in the course of soliciting applica-

**2.** The divorce decree was rendered on May 13, 1976. The accident occurred on July 6, 1976.

**3.** The insurance policy contains the following provisions under the heading "General Conditions:"
5. Changes
The terms of this policy may not be waived or changed by notice to or knowledge possessed by any agent or other person, but, subject to Condition 6, only by policy endorsement. Such terms of this policy as are in conflict with statutes of the state in which this policy is issued are hereby amended to conform.

. . .
7. Assignment

No interest in this policy is assignable until Allstate's consent is endorsed hereon. However, if the named insured, or his spouse if a resident of the same household, shall die, Section I and Section III of this policy shall cover:
(a) the survivor as named insured;
(b) his legal representative as named insured but only while acting within the scope of his duties as such; and
(c) with respect to an owned automobile, any person having proper temporary custody as insured, until the appointment and qualification of such legal representative.
Plaintiff's Exhibit No. 7, at 11–12.

tions may be binding on the insurer does not help defendants in the case at bar, since it is not claimed that plaintiff's agent received any knowledge with respect to the change in ownership of the automobile.

The court concludes that the liability protection of the insurance policy in question does not cover the July 6, 1976, accident and accordingly grants plaintiff's motion for summary judgment.

ORDERED this 30th day of December, 1977.