**FARMERS INSURANCE COMPANY, INC., Plaintiff,**

v.

**Robert THOMAS, A Special Administrator of the Estate of Carolyn Jo Beckham, Defendant,**

**and**

**Elaine GOODMAN, Appellant/Defendant,**

v.

**FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, Appellant/Third-Party Defendant,**

v.

**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, Appellee/Third-Party Defendant.**

No. 63690.

Supreme Court of Oklahoma.

Sept. 29, 1987.

Donald R. Wilson, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellants.

Michael E. Smith, Tom L. King, Jeff R. Beeler, King, Roberts & Beeler, Oklahoma City, for appellee/third-party defendant.

## MEMORANDUM OPINION

SUMMERS, Justice.

Elaine Goodman was a passenger injured in a car accident wherein her driver, one Carolyn Beckham, formerly Thomas, was killed. Goodman, upon ascertaining that a third party tort-feasor's liability insurance coverage was inadequate as to her damages, filed an underinsured motorist claim against her own insurance company, National Farmer's Union Property and Casualty Company (National Farmers).

Then Goodman and National Farmers together filed an action against yet another insurance company, Farmers Alliance Mutual Insurance Company (Farmers Alliance). This third insurance company was the insurer of the deceased driver's ex-husband, Robert Thomas, whose uninsured motorist policy was in effect at the time of the accident.

The ex-husband's insurance company filed a motion for summary judgment against both Goodman and her insurer, which was granted. Her insurance company (National Farmers) filed a motion for new trial, which was denied. Goodman did not file a motion for new trial. Then Goodman and her insurance company filed petitions in error.

The Court of Appeals dismissed Goodman's appeal as untimely and affirmed the summary judgment against Goodman's insurer. Goodman and her insurer sought certiorari and we granted both petitions. Now on this date we have set aside that part of our order previously granting certiorari on the petition of her insurance company (Farmers Alliance), as we now determine it to have been improvidently granted. By this order we reinstate the Court of Appeals opinion with the exception of that part which dismisses as untimely Goodman's appeal.

### I.

■ Our first issue, then, is, whether or not Goodman's appeal should have been dismissed. Following the trial court's grant of summary judgment against Goodman and Farmers Alliance, Farmers Alliance filed a motion for new trial. Goodman did not file such a motion. When the motion was denied, Goodman and Farmers

Alliance timely filed a joint petition in error.

Title 12 O.S.1981, § 991(a) provides in pertinent part:

> The right of a party to perfect an appeal from a judgment, order or decree of the trial court to the Supreme Court shall not be conditioned upon his having filed in the trial court a motion for a new trial, but in the event a motion for a new trial is filed in the trial court by a party adversely affected by the judgment, order or decree, no appeal to the Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial.

Based upon this statute, Rule 1.12(b) as adopted, which provides:

> If a motion for new trial or a postjudgment motion for judgment notwithstanding the verdict is filed in time, no party shall appeal from the decision and appeal time shall not begin to run until the motion shall have been disposed of. If more than one party to an action files, in time, one of these motions directed to the same decision, appeal time shall not begin to run until all of the motions shall have been disposed of.

12 O.S.1981, Ch. 15, App. 2—Rules of Appellate Procedure in Civil Cases.

As the rule states that "no party shall appeal" if a motion for new trial is filed on time, and that appeal time shall not begin to run until the motion is disposed of, Goodman properly waited until the trial court ruled on the motion for new trial made by Farmers Alliance before appealing. Her appeal was not untimely and should not have been dismissed.

### II.

 Her appeal, nonetheless, stands in the same posture as that of her own uninsured motorist carrier, and we have now denied its petition for certiorari, leaving intact the Court of Appeals holding that it could not recover against the ex-husband's insurance company. The Court of Appeals therein correctly held that the ex-husband's insurable interest in the automobile ceased when it was awarded to her in the divorce.

*Agee v. Travelers Indemnity Co.*, 396 F.2d 57 (10 Cir.1968); *All-State Ins. Co. v. Smith*, 442 F.Supp. 89 (E.D.Okla.1977). In *Worchester v. State Farm Mutual*, 172 Colo. 352, 473 P.2d 711 (1970) the court stated it thus:

> "... the general rule is clear that liability coverage, which is born of ownership, maintenance and use of a stated automobile, terminates upon a change of ownership unless the insuror approves the extension of coverage. (citations omitted). It is also generally held that policies of liability or indemnity insurance are personal contracts between the policyholder and the insuror, and as such do not attach to or run with the property, the use, operation or maintenance of which may give rise to liability, and a transfer of such property to a third person does not carry with it the contract of insurance without the consent of the insuror."

There being no notice to the company of the vehicle's change in ownership, nor corresponding transfer of the policy, the ex-husband's insurance company cannot be liable to Goodman. The judgment of the trial court in that respect is also affirmed.

That part of the unpublished opinion of the Court of Appeals, Oklahoma City Division, appearing on page 4 of the opinion by Order which dismisses the appeal of Elaine Goodman for failing to timely file motion for new trial or petition in error is vacated, certiorari having previously been granted upon the petition of Elaine Goodman. The petition for certiorari filed herein by Farmers Alliance Mutual Insurance Company is denied.

LAVENDER, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and HODGES and ALMA WILSON, JJ., dissent.