Joseph G. BRAUN, Plaintiff–Appellant,

v.

Harvey ANNESLEY; Joe E. Bradley, Sr.; O.F. Bailey; Joe E. Bradley, Jr., Defendants,

Tri–State Insurance Company, Garnishee–Appellee.

No. 89–6435.

United States Court of Appeals, Tenth Circuit.

June 18, 1991.

A. Daniel Woska of Naifeh & Woska, Oklahoma City, Okl. (James W. Berry of Kerr, Irvine & Rhodes, Oklahoma City, Oklahoma, and Howard K. Berry, III, of Naifeh & Woska, Oklahoma City, Okl., with him on the briefs), for plaintiff-appellant.

Jimmy Wayne Lee (Manville T. Buford, with him on the brief) of Lee, Beuch, Buford, Durocher & Mauritson, Oklahoma City, Okl., for garnishee-appellee.

Before McKAY, ANDERSON, and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

Joseph G. Braun appeals the district court's grant of summary judgment to Tri–State Insurance Company. Jurisdiction over this matter is based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) (1988).

I.

This garnishment action arises from an accident on an Oklahoma state highway in

October 1981. Appellant was a passenger in the back seat of an automobile that collided with a tractor-trailer rig driven by the owner-operator, Joe E. Bradley, Jr. Before the accident, Mr. Bradley purchased the rig from O.F. Bailey for approximately $12,000. He also paid Mr. Bailey $8000 for the rights to the trucking permits. At the time of the accident, however, the trucking permits had not yet been transferred on the rolls of the Oklahoma Corporation Commission. Mr. Bailey maintained insurance on the rig under a Tri–State policy. He was reimbursed for the premiums by Mr. Bradley.

In a previous action, appellant sued Messrs. Bradley and Bailey for injuries he sustained in the accident. Tri–State represented both defendants without reserving its right to assert policy defenses or disclaim liability. The jury returned a verdict of $500,000 plus interest against Messrs. Bradley and Bailey jointly.

On appeal, this court affirmed the judgment against Mr. Bradley but reversed the judgment against Mr. Bailey. *Braun v. Bradley*, No. 83–1890, Order and Judgment (10th Cir. Sept. 17, 1988). We determined that Mr. Bailey was not vicariously liable for Mr. Bradley's wrongdoing because no master-servant relationship existed between them. In support of our ruling we stated that "Bailey had no authority to direct Bradley to do anything." *Id.* at 8 n. 1. We also found that title to the tractor-trailer rig passed from Mr. Bailey to Mr. Bradley before the accident. *Id.*

Appellant then brought this garnishment proceeding to compel Mr. Bailey's insurance company, Tri–State, to satisfy the judgment against Mr. Bradley. The district court denied appellant's motion for summary judgment and granted Tri–State's counter-motion for summary judgment. The court determined that Mr. Bradley was not an insured under the Tri–State policy based on the following conclu-

sions: (1) Mr. Bradley was not a permissive user of the tractor-trailer rig, and (2) although Tri–State defended Mr. Bradley without a reservation of rights in the earlier lawsuit, Tri–State was not estopped from denying coverage to Mr. Bradley because estoppel cannot create an insurance contract. *Braun v. Bradley*, No. CIV–82–366–P, Order (W.D.Okla. Nov. 30, 1989).

On appeal, Mr. Braun argues that the district court erred in holding that Mr. Bradley was not insured as a permissive user under the Tri–State insurance policy. He also contends that the Oklahoma laws regulating motor carriers bring Mr. Bradley within the coverage of the Tri–State policy. Appellant's final argument is that the court erroneously concluded that Tri–State was not estopped from denying coverage after representing Mr. Bradley without a reservation of rights.[1]

## II.

Our review of the district court's grant of summary judgment to Tri–State Insurance Company involves the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988). The rule directs that summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). We must review the record "to determine if any genuine issue of material fact was in dispute; if not, the court must decide if the substantive law was correctly applied." *Osgood*, 848 F.2d at 143. Tri–State has the burden of showing that it is entitled to summary judgment, and we must review the record in the light most favorable to appellant. *Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987).

---

1. Appellant also contends that the district court erred by granting an order allowing Tri–State to respond out of time to admissions requested by appellant. The district court denied appellant's objection to the order because it did not rely on Tri–State's responses in resolving the lawsuit.

*Braun v. Bradley*, No. CIV–82–366–P, Order at 10 (W.D.Okla. July 27, 1988). After examining the record, we conclude that the district court did not abuse its discretion in denying appellant's objection.

In this diversity action, we must apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Rigby v. Beech Aircraft Co.,* 548 F.2d 288, 290 (10th Cir.1977). Because this matter is on appeal from the United States District Court for the Western District of Oklahoma, we are bound to apply Oklahoma law.

### A.

■ Appellant's first argument is that the district court erroneously concluded that Mr. Bradley was not covered under the Tri–State insurance policy. The policy states in pertinent part:

> III. Definition of Insured: With respect to the insurance for bodily injury liability and for the property damage liability, the unqualified word "insured" includes the named insured and also includes any person while using the automobile provided the actual use of the automobile is by the named insured or with his permission, and used for the purposes stated and subject to the limitation in Item 6 of the declarations.

> Item 6. The above described automobiles are and will be used only for the transportation of livestock, farm commodities, etc. and this insurance covers no other use or operations except occasional pleasure use for the named insured and the members of his family residing in his household, and other business use in connection with insured's occupation. . . .

Brief in Support of Response to Plaintiff's Motion for Summary Judgment, Exhibit B, *Braun v. Bradley,* (No. CIV–82–366P).

Appellant does not contend that Mr. Bradley is either a "named insured" or a member of O.F. Bailey's family residing in his household. Thus, the question presented on appeal is whether the district court erred by concluding that Mr. Bradley was not a permissive user of Mr. Bailey.

■ We are aided by the prior adjudication relating to this case. In appellant's earlier lawsuit we stated, "it is uncontroverted that title to the tractor-trailer passed from Bailey to Bradley before the accident." *Braun v. Bradley,* No. 83–1890, Order and Judgment at 8 n. 1 (10th Cir. Sept. 17, 1987). At the time of the accident, therefore, the rig belonged to Mr. Bradley. Although appellant urges us to conclude that title had not passed and that the sale was conditioned on the transfer of the trucking permits, he is collaterally estopped from relitigating this factual issue in light of our previous finding. *See SIL–FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1520 (10th Cir.1990).

■ Under Oklahoma law, an individual must have the power to control the use of a vehicle in order to give permission to another to use it. *Didlake v. Standard Ins. Co.,* 195 F.2d 247, 251–52 (10th Cir.1952). Once Mr. Bailey parted with ownership of the tractor-trailer rig, he divested himself of the power to permit appellant to drive it, *Id.; see also Semple v. State Farm Mut. Auto. Ins. Co.,* 215 F.Supp. 645, 647 (E.D. Pa.1963) (interpreting Pennsylvania law); *American States Ins. Co. v. Breesnee,* 49 Wash.App. 642, 745 P.2d 518, 522 (1987) (interpreting Washington law). Indeed, Mr. Bailey had "no authority to direct Bradley to do anything." *Braun v. Bradley,* No. 83–1890, Order and Judgment at 8 n. 1 (10th Cir. Sept. 17, 1987). His power to give permission to drive the rig was "no more than the power of any stranger to give permission." *Semple,* 215 F.Supp. at 647. We therefore affirm the district court's ruling that Mr. Bradley was not a permissive user of Mr. Bailey.

Furthermore, Mr. Bailey's insurable interest in the rig ended after the change of ownership. *See Farmers Ins. Co. v. Thomas,* 743 P.2d 1080, 1082 (Okla.1987). Once title passed to Mr. Bradley, the liability coverage ended unless Tri–State approved coverage for Mr. Bradley. *Id.* (quoting *Worchester v. State Farm Mut. Auto. Ins. Co.,* 172 Colo. 352, 473 P.2d 711, 714 (1970)). Messrs. Bradley and Bailey did not ask Tri–State to add Mr. Bradley to the policy. *Braun v. Bradley,* .CIV–82– 366–P, Order at 6 (W.D.Okla. July 27, 1988). Accordingly, the district court cor-

rectly concluded that Mr. Bradley was not covered under the Tri–State policy.[2]

### B.

Appellant's second argument is that the Tri–State policy is supplemented by the Oklahoma laws regulating motor carriers, thereby providing coverage for Mr. Bradley.

Oklahoma requires motor carriers to obtain a permit or certificate from the Oklahoma Corporation Commission declaring that the operation of the vehicle is consistent with the public interest. Okla.Stat. tit. 47, § 166 (1988). The Commission shall not issue a certificate or permit to any motor carrier until the carrier has filed with the Commission a liability insurance policy or bond covering public liability and property damage. Okla.Stat. tit. 47, § 169 (1988). If the policy is cancelled or terminated before the natural expiration of its term, the insurer must notify the Commission thirty days prior to the effective cancellation or termination of the policy. Okla.Stat. tit. 47, § 176 (1988).

Appellant maintains that even if Mr. Bradley is not covered under the specific terms of the Tri–State policy, the public

policy behind Oklahoma's compulsory liability insurance statute operates to bring Mr. Bradley within the policy's protections.[3] Under certain circumstances, the Oklahoma statute may alter the terms of an insurance policy. For example, in *Casualty Reciprocal Exchange v. Sutfin*, 196 Okl. 567, 166 P.2d 434 (1945), the Oklahoma Supreme Court voided a policy provision excluding the employees of a motor carrier from coverage because the policy conflicted with Okla.Stat. tit. 47, § 169 (1988).

The Oklahoma compulsory insurance laws, however, do not "regulate the relations between the insurer and the insured." *Tri–State Ins. Co. v. Hobbs*, 347 P.2d 226, 229 (Okla.1960). In this case, Tri–State contracted to insure O.F. Bailey, not Mr. Bradley. To amend Tri–State's policy to cover Mr. Bradley via the bridge of Oklahoma's public policy would make Tri–State the insurer of a risk they never agreed to cover. This approach would require Tri–State to insure whomever purchased the rig from O.F. Bailey, regardless of their safety record as an operator of tractor-trailer rigs. Such a result is contrary to the Oklahoma Supreme Court's interpretation of the Oklahoma motor carrier laws. *See Tri–State*, 347 P.2d at 229.[4]

---

**2.** Appellant cites our decision in *United Servs. Auto. Ass'n. v. Preferred Accident Ins. Co. of New York*, 190 F.2d 404 (10th Cir.1951), for the proposition that a driver may be a permissive user of the named insured even if the named insured is not the owner of the car. Unlike the situation here, however, the purported permissive user in *United Services* was not the owner of the automobile. We find this to be a pertinent distinction.

**3.** The purpose of the Oklahoma law is to guarantee the public compensation for injuries caused by the negligence of motor carriers. *See Utilities Ins. Co. v. Potter*, 188 Okl. 145, 105 P.2d 259, 263–64 (1940), *cert. dismissed*, 312 U.S. 662, 61 S.Ct. 804, 85 L.Ed. 1109 (1941).

**4.** At oral argument, appellant's counsel relied on the Oklahoma Supreme Court's decision in *Young v. Mid–Continent Cas. Co.*, 743 P.2d 1084 (Okla.1987), to argue that Oklahoma's compulsory liability insurance laws require the insurer to cover the tractor-trailer rig and not O.F. Bailey. Our reading of that case leads us to a different conclusion. The court in *Young* voided a provision in an automobile policy that excluded coverage for any driver under the age of twenty-five. The court concluded that the

exclusion conflicted with Oklahoma's statute requiring that no motor vehicle may be operated unless it is insured or otherwise "secured." *Id.*, 743 P.2d at 1088. The Oklahoma court found that the exclusion contained in the insurance policy issued in *Young* was invalid at its inception. It therefore struck that exclusion from an otherwise valid policy. Unlike this case, the named insured had not terminated his insurable interest by selling the car to another individual whom the insurer had not contracted to protect.

In addition, Mr. Bradley is not covered by the thirty-day notice requirement in Okla.Stat. tit. 47, § 176. The district court found that Tri–State learned of the sale on or about April 4, 1982. *Braun v. Bradley*, CIV–82–366–P, Order at 5 (W.D.Okla. July 27, 1988). Tri–State notified the Oklahoma Corporation Commission within thirty days of learning that the vehicle had been sold. Brief in Support of Motion for Summary Judgment, *Braun v. Bradley*, Exh. 15. (No. CIV–82–366–P). We need not decide whether Tri–State would be estopped from denying coverage based on concerns of public policy if it had not notified the Commission of the policy's cancellation within thirty days of learning of the vehicle's sale.

## C.

Appellant's final argument is that the district court erred when it concluded that Tri–State was not estopped from denying insurance coverage for Mr. Bradley. His position is based on the fact that Tri–State did not reserve its right to deny coverage when it defended Mr. Bradley in the previous lawsuit.

Under Oklahoma law, an insurer may by its conduct be estopped from denying that its policy provides coverage for a risk that the insured has been led honestly to believe was covered under the terms of the policy. *Security Ins. Co. of New Haven v. Greer*, 437 P.2d 243, 245–46 (Okla. 1968). The doctrine of estoppel, however, cannot be invoked to broaden the coverage of an insurance policy to bring within its protection risks that are not included under the terms of the policy. *Western Ins. Co. v. Cimarron Pipe Line Const., Inc.*, 748 F.2d 1397, 1399 (10th Cir.1984); *Lester v. Sparks*, 583 P.2d 1097, 1100 (Okla.1978); *Greer*, 437 P.2d at 246. The rationale for this rule is that estoppel cannot be used to create a contract. *Greer*, 437 P.2d at 246. An exception is that when an insurer assumes the defense of an action knowing the grounds which would permit it to deny coverage, it may be estopped from subsequently raising the defense of noncoverage.[5] *City of Carter Lake v. Aetna Cas. & Sur. Co.*, 604 F.2d 1052, 1059 (8th Cir. 1979); *Pendleton v. Pan Am. Fire & Cas. Co.*, 317 F.2d 96, 99 (10th Cir.), *cert. denied*, 375 U.S. 905, 84 S.Ct. 196, 11 L.Ed.2d 145 (1963); *Gay & Taylor, Inc. v. St. Paul Fire & Marine Ins. Co.*, 550 F.Supp. 710, 714 (W.D.Okla.1981). Although Oklahoma has not previously addressed appellant's argument, we are aided by a review of our cases addressing the general rule and its exception.

In *Cimarron Pipe Line*, the insured, a company in the business of laying gas pipelines, argued that it was covered for physical injuries and property damage resulting from work it had completed. The policy specifically excluded this "completed operations" coverage. Nonetheless, the insured argued that the insurer was estopped from denying such coverage because its general agent had stated that he thought it was included in the policy. We interpreted Oklahoma law and determined that the insurance policy could not be extended by estoppel to bring within its terms a risk that was specifically excluded from coverage. *Cimarron Pipe Line*, 748 F.2d at 1399–1400.

By contrast, in *Pendleton v. Pan American Fire and Casualty Company*, we ruled that the insurer was estopped from denying coverage for an explosion caused by a defect in a liquefied gas distribution despite the fact that this risk was specifically excluded from the policy. Significantly, the claimed basis of estoppel was the insurer assuming control of the insured's defense without reserving its rights to later contest coverage. *Pendleton*, 317 F.2d at 99–101. Similarly, in *Gay & Taylor Inc. v. St. Paul Fire & Marine Ins. Co.*, the United States District Court for the Western District of Oklahoma interpreted Oklahoma law and determined that the insurer was estopped from denying coverage after defending the insured without a reservation of rights, although the insured was sued for fraud and the policy specifically excluded fraud from coverage. *St. Paul*, 550 F.Supp. at 714–15.

Tri–State defended Mr. Bradley without a reservation of rights. *Braun v. Bradley*, No. CIV–82–366–P, Order at 5 (W.D.Okla. Nov. 30, 1989). In addition, Tri–State stated at trial that it was "unclear" whether Tri–State would be liable for Mr. Bradley by virtue of Oklahoma statute and the Tri–State policy on file with the Oklahoma Corporation Commission. Record, vol. 2, doc. 5 at 4. Thus, Tri–State acknowledged that Mr. Bradley might be covered under its policy. Given that the insurers in *Pendleton* and *St. Paul* were estopped from denying coverage after providing a defense without a reservation of rights when the

---

5. Prejudice to the insured is presumed by virtue of the insurer's assumption of the defense. *Pendleton v. Pan Am. Fire & Cas. Co.*, 317 F.2d 96, 99 (10th Cir.), *cert. denied*, 375 U.S. 905, 84 S.Ct. 196, 11 L.Ed.2d 145 (1963).

claimant was not even arguably covered, Tri–State is also estopped when Mr. Bradley is arguably covered, and, like the circumstances in *Pendleton* and *St. Paul,* the basis of estoppel is Tri–State's defense of Mr. Bradley without a reservation of rights.

The inequitable consequences of a contrary ruling provide support for our conclusion. We do not believe the Supreme Court of Oklahoma would allow an insurer to defend an individual who might be covered and then permit the insurer to deny coverage after the individual is found liable. Such a result grants the insurer the unfettered right to induce an individual to relinquish control of his or her defense. We think our result today creates a better rule, one that encourages an insurer to thoroughly investigate its policy and notify persons *before* assuming their defense that it is reserving its right to later contest coverage.

Appellant's Motion for Certification of Question of Law to the Supreme Court of the State of Oklahoma is DENIED. The district court's order granting Tri–State's counter-motion for summary judgment is REVERSED. This case is REMANDED for summary judgment to be entered for appellant.