2000 OK 81

## Christian U. ONYEKURU, Appellant,

v.

## FARMERS INSURANCE COMPANY, INC., Appellee.

### No. 93,944.

Supreme Court of Oklahoma.

Oct. 24, 2000.

Scott A. McArdle, McArdle Law Office, Edmond, OK, and James B. Browne, Browne & Associates, Jones, OK, for Appellant.

Virginia Cathcart Holleman, Cary D. Dooley, Cathcart, Gofton & Dooley, Oklahoma City, OK, for Appellee.

### MEMORANDUM OPINION

HARGRAVE, V.C.J.

¶1 Appellee, Farmers Insurance Company, Inc., filed a motion for new trial within ten (10) days of a jury verdict rendered against it on Appellant Onyekuru's breach of contract claim. The motion for new trial was denied, and within thirty days, Onyekuru appealed, alleging error in the trial court's dismissal of his bad faith claim against Farmers. The Court of Civil Appeals dismissed Onyekuru's appeal, finding that it was untimely. Certiorari was granted on September 11, 2000.

¶2 The only question before us is whether appellant Onyekuru's appeal was timely when filed within thirty days after appellee Farmers Insurance Company's motion for new trial was denied. The question presented has been answered previously in *Farmers Insurance Co., Inc. v. Thomas,* 1987 OK 84, 743 P.2d 1080. Onyekuru's appeal was timely.

¶3 Rule. 1.22(c), Sup.Ct. Rules, sets forth the appeal time following post-trial motions. It provides, in pertinent part:

"**(c) Appeal Time and Post-trial motions Filed Not Later Than Ten Days after the Date of Judgment.**

(1) If a motion for new trial ... is filed *by any party* not later than ten (10) days after the judgment, decree or final order is

filed with the court clerk ... the appeal time *for any party to the action* shall not begin to run until the motion shall have been disposed of ..." (emphasis added) There is no limitation on the issues that may be raised on appeal, except as to the party who filed the motion for new trial. Rule 1.22(c)(1) provides that if a motion for new trial is filed and denied, *the movant* may not, on the appeal, raise allegations of error that were available at the time of the filing of the motion for new trial but were not raised.

¶ 4 The language used in the Rule clearly reflects the intention that any party may appeal within thirty (30) days of the trial court's ruling on any party's motion for new trial. Only the party filing the motion for new trial will be limited on appeal to issues raised in the motion for new trial.[1]

¶ 5 In *Farmers Insurance Co., Inc. v. Thomas,* 1987 OK 84, 743 P.2d 1080, the trial court granted summary judgment against an insured and her insurance company. The insurance company filed a motion for new trial; the insured did not. After the motion for new trial was denied, both the insured and the insurance company appealed within thirty days. The Court of Civil Appeals dismissed the insured's appeal as untimely, and affirmed the summary judgment against the insurance company. We granted certiorari, stating that because Rule 1.12(b) provides that no party shall appeal if a timely motion for new trial is filed and the time to appeal shall not begin to run until the motion is disposed of, the insured properly waited to appeal until the trial court ruled on the insurance company's motion for new trial. Thus, the insured's appeal was not untimely and should not have been dismissed.

¶ 6 In the case at bar, Onyekuru correctly filed his petition in error within thirty days of disposition of the motion for new trial filed by appellee Farmers; accordingly, his appeal was timely and should not have been dismissed.

CERTIORARI GRANTED PREVIOUSLY; THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; THE CAUSE IS REMANDED TO THE COURT OF CIVIL APPEALS FOR REVIEW ON THE MERITS.

¶ 7 ALL JUSTICES CONCUR.

---

**1.** Rule 1.22 mirrors the language used in Title 12 O.S.1991 § 991(a), that a party's right to appeal is not conditioned upon his filing a motion for new trial, *"but in the event a motion for a new trial is filed in the trial court by a party adversely affected* by the judgment, order or decree, *no appeal* to the Supreme Court *may be taken until subsequent to the ruling by the trial court on the motion for new trial."* (emphasis added). Section § 991(b) provides that if a motion for new trial is filed and denied, the movant may not, on appeal, raise allegations of error that were available to him at the time the motion was filed, but were not asserted in the motion.